Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
Koontz, JJ., and Whiting, Senior Justice

COMMONWEALTH OF VIRGINIA,
DEPARTMENT OF TAXATION
                            OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 961270                    February 28, 1997

BRADFUTE W. DAVENPORT, JR., ET AL.

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Randall G. Johnson, Judge


     In this appeal, we consider whether Code § 58.1-322

requires taxpayers, who included the unearned income of

their minor children in the taxpayers' federal adjusted

gross income, to include the children's unearned income in

the taxpayers' Virginia adjusted gross income.

     Bradfute W. Davenport, Jr., and Suzanne S. Davenport

(the taxpayers) have five minor children who periodically

have received cash gifts from their grandparents.  The

grandparents made the gifts to Bradfute W. Davenport, Jr.,

as custodian for each child as permitted by the Virginia

Uniform Transfers to Minors Act, Code §§ 31-37, et seq.  The

taxpayers have no ownership interest in, or use of, the

gifts or any investment income thereon.

     The taxpayers filed joint income tax returns with the

federal government and the Commonwealth of Virginia for the

years 1992 through 1994.  In each of these taxable years,

the taxpayers' children had income subject to federal

taxation.  As permitted by 26 U.S.C. § 1(g)(7), the

taxpayers elected to include their minor children's unearned

income in the taxpayers' federal adjusted gross income for

federal income tax purposes rather than file a separate tax return for each child. When the taxpayers submitted their Virginia income tax returns for the years 1992 and 1993, the taxpayers subtracted the unearned income of their minor children from their federal adjusted gross income to determine the quantum of the taxpayers' Virginia adjusted gross income.

The Commonwealth of Virginia Department of Taxation issued a notice of assessment to the taxpayers for their 1992 Virginia income tax return. The Department asserted that the taxpayers should not have subtracted the children's unearned income from the taxpayers' federal adjusted gross income, and the Department assessed tax and interest on the income which was not reported.

The taxpayers paid the additional tax assessment under protest and filed an application for correction of erroneous or improper assessments of state income taxes in the circuit court, seeking a determination that they were entitled to subtract their children's unearned income from the taxpayers' federal adjusted gross income. The trial court agreed with the taxpayers, and we awarded the Department an appeal.

Code § 58.1-301 provides that "[a]ny term used in this chapter [which governs Virginia's income tax] shall have the same meaning as when used in a comparable context in the

laws of the United States relating to federal income taxes, unless a different meaning is clearly required."  Code § 58.1-322 states in relevant part:  "A.  The Virginia taxable income of a resident individual means his federal adjusted gross income for the taxable year . . . with the modifications specified in this section."

The taxpayers argue that they are entitled to deduct their children's unearned income from the taxpayers' federal adjusted gross income because, they say, the word "his" found in Code § 58.1-322(A) refers to the taxpayers' income and does not include their children's unearned income, which was less than $5,000 and would otherwise not be subject to state income taxation.  The Department argues that in determining a taxpayers' Virginia income tax liability, Code § 58.1-322(A) requires that the taxpayers include all income included in the taxpayers' federal adjusted gross income subject only to those modifications contained in § 58.1-322.

We agree with the Department.  The plain language in Code §§ 58.1-301 and -322 clearly and unambiguously requires the taxpayers to report their federal adjusted gross income as taxable income on their Virginia tax returns.  Code § 58.1-322, which also prescribes numerous modifications to a resident individual's federal adjusted gross income, contains no provision which authorizes the taxpayers to subtract their children's unearned income.  The taxpayers

elected to include their children's unearned income in the taxpayers' federal adjusted gross income for federal taxation purposes, and, having made such election, the taxpayers may not change that election in computing their state income tax.  Moreover, we are of opinion that the phrase "his federal adjusted gross income" contained in Code § 58.1-322 does not refer to only one taxpayer's income, but refers to the amount of federal adjusted gross income that the taxpayers specified on their federal income tax return, subject to any modification authorized by Virginia statutes.

Accordingly, we will reverse the judgment of the trial court and enter final judgment here in favor of the Commonwealth.

<u>Reversed and final judgment</u>.